BRANCH BANKING It would be a violation of 6 O.S. 501 [6-501] (1971), for state chartered banks and Oklahoma banks with national charters to provide the following services: (a) At an off-premises electronic facility located at other than a state chartered bank, and not otherwise permitted by Statute, a unit is located through which a bank customer may effect a deposit, withdrawal of cash, or purchase of merchandise at that location and then direct charges or credits to his account through the electronic facility located thereon to his bank, or (b) At an off-premises electronic banking facility beyond 1,000 feet from the main bank at which a bank customer inserts a coded card to activate a unit, upon activation of the unit, the customer can proceed to withdraw a pre-packaged packet of money in multiples of Twenty Dollars ($20.00), drawn from either a savings account or checking account maintained with that bank; deposit funds in the form of checks or currency by placing those items in an envelope and inserting it into the unit; and effecting a transfer of credit from a savings account into a checking account or vice versa by effecting the appropriate procedures of the unit. The Attorney General has received your opinion request wherein you ask the following questions: "1. Would a state chartered bank providing the following services to its customers violate Title 6 O.S. 501 [6-501] (1971), which section prohibits branch banking? The services are: "(a) At an off-premises electronic facility located at other than a state chartered bank, and not otherwise permitted by Statute, a unit is located through which a bank customer may effect a deposit, withdrawal of cash, or purchase of merchandise at that location and then direct charges or credits to his account through the electronic facility located thereon to his bank, or "(b) At an off-premises electronic banking facility beyond 1,000 feet from the main bank at which a bank customer inserts a coded card to activate a unit, upon activation of the unit, the customer can proceed to withdraw a pre-packaged packet of money in multiples of Twenty Dollars ($20.00), drawn from either a savings account or checking account in the form of checks or currency by placing those items in an envelope and inserting it into the unit, and effecting a transfer of credit from a savings account into a checking account or vice versa by effecting the appropriate procedures of the unit." Title 6 O.S. 501 [6-501] (1971) prohibits branch banking. Section 6 O.S. 501 [6-501] states: "Branch banking is prohibited in this State. The term 'branch' used in this section shall be held to include any branch bank, branch office, branch agency, additional office or any branch place of business located within this state at which deposits are received or checks paid or money lent. This Section shall not be construed in derogation or denial of the right to operate' and maintain facilities as provided in Section 415 or Section 421 of this Code." Section 6 O.S. 415 [6-415], supra, provides for banks to have, upon approval by the State Banking Board, outside attached facilities and one detached facility for drive-in or walk-up service or both on property owned or leased by the bank located less than 1000 feet from the main bank building. Section 421, supra, provides for the bank to have, upon approval by the State Banking Board and military installation commander, a detached facility on any military installation located in Oklahoma. Title 6 O.S. 2061 [6-2061] (1971) further prohibits branch banking. Section 6 O.S. 2061 [6-2061] states: "Branch banking is prohibited in this State. The term 'branch' used in this Section shall be held to include any branch bank branch office, branch agency, additional office or any branch place of business located within this state at which deposits are received, or checks paid or money lent. Providing, however, that any bank chartered under the laws of this state may, subject to the approval of the State Bank Commissioner, as evidenced by his permit maintain and operate only one outside attached or detached facility having one or more tellers windows or drive-in or walk-up service or both on property owned or leased by the bank located less than One Thousand (1000) feet from the main bank building." The question of permitting "branch banking" is one of legislative policy. This policy has been expressed through Section 501, supra, in the State of Oklahoma. Oklahoma Statutes not only prohibit "branch banking" but, also prohibit as a branch, ". . . any branch place of business located within this state at which deposits are received, or checks paid or money lent." (Emphasis added) The sole question for our consideration is whether or not the facts, as outlined by your question, show that the parties are maintaining a "branch banking" facility where deposits are received or checks p, aid or money lent." 9 C.J.S. Banks and Banking, 267 defines a deposit in the following language. ". . . The act of placing or lodging money in the custody of a bank or banker, for safety or convenience, to be withdrawn' at the will of the depositor or under rules and regulations agreed on; as a sum of money left with a banker for safe-keeping, subject to order and payable not in the specific money deposited but in an equal sum; . . ." And at Section 6 O.S. 269 [6-269] we find the following statement: "Generally speaking, a deposit is complete when money or negotiable instruments are delivered into the possession of the bank, or its agent, . . . "Whether or not any particular transaction constitutes a 'deposit,' in the accepted banking sense of that term, supra, 267 a, will depend on the intent of the parties as ascertained from the facts and circumstances disclosed." In re Liquidation of Columbus State Bank, 226 P.2d 643, 95 Mont. 332. As to your first proposed fact situation, since the "off-premise" electronic facility is located in other than a state chartered bank and not a facility coming within the meaning of Section 415 or 421, supra, and that facility enables the bank to accept deposits, that facility would be in violation of Section 501, supra, without additional facts. If the withdrawal of cash has the same effect as drawing a check on the customer's account, then that service would also constitute a violation of Section 501, supra, in that it is any branch place of business in this State at which checks are paid. If the customer is further able to purchase merchandise at an establishment wherein the off-premises electronic facility is located and is then able to direct charges or credits to his account, the substance of the transaction may be to extend prearranged credit to the customer, which would also be a violation of Section 501, supra. As to your second situation, you state that the electronic banking facility is located beyond the 1000 foot requirement as set forth in Section 6 O.S. 415 [6-415] (1971), supra. If in addition it does not violate any other provisions of Section 6 O.S. 415 [6-415], nor 6 O.S. 421 [6-421] (1971), the utilization of off-premises deposit facilities as set forth in the second fact situation, would be a violation of Section 501, supra. Further, since such machines would be engaging in business at places other than its main bank premises, and not otherwise permitted by Section 415 or 421, supra, then the installations and their use cannot be permitted under Oklahoma law. Likewise, the ability to withdraw money does constitute a violation of Section 501, supra, where it has the same effect as drawing a check against the customer's account. Additionally, if through a prearranged time of credit with the bank, the customer is able to withdraw funds, without a sufficient balance in his savings or checking accounts, then that also would be a violation of Section 501 as it would be a "branch place of business where . . . money is lent." The Oklahoma definition of "branch" is in accord with federal law which utilizes identical language.49 Statutes 708 (1935); 12 U.S.C.A. 56(f), which Section provides: "The term 'branch' as used in this Section, shall be held to include any branch bank, branch office, branch agency, additional office, or any branch place of business located in any state . . . at which deposits are received, or checks paid, or money lent." The term "branch" was interpreted in the case of Jackson v. First National Banks of Valdosta, 246 F. Supp. 134 (M.D. Ga. 1965) to mean the following: ". . . An additional office or branch place of business will be considered a 'branch' for the purposes of Section 36, if any one of the three specific conditions are met, i.e., if deposits are received or checks are paid or money is lent." This opinion is also applicable to all Oklahoma banks with a national charter since restrictions of branch banking pertaining to state chartered banks also apply to national banks operating within the State. This is exhibited in49 Statutes 708 (1935); 12 U.S.C. § 36(c), which section provides: "(c) A national banking association may, with the approval of the comptroller of the currency establish and operate new branches: "(1) Within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to state banks by the law of the state in question and; "(2) At any point within the state in which said association is situated, if such establishment and operation are at the time authorized to state banks by the statute law of the state in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to locations imposed by the law of a state on state banks . . ." It is, therefore, the opinion of the Attorney General that your question be answered as follows: It would be a violation of 6 O.S. 501 [6-501] (1971), for state chartered banks and Oklahoma banks with national charters to provide the following services: (a) At an off-premises electronic facility located at other than a state chartered bank, and not otherwise permitted by Statute, a unit is located through which a bank customer may effect a deposit, withdrawal of cash, or purchase of merchandise at that location and then direct charges or credits to his account through the electronic facility located thereon to his bank, or (b) At an off-premises electronic banking facility beyond 1,000 feet from the main bank at which a bank customer inserts a coded card to activate a unit, upon activation of the unit, the customer can proceed to withdraw a pre-packaged packet of money in multiples of Twenty Dollars ($20.00), drawn from either a savings account or checking account maintained with that bank; deposit funds in the form of checks or currency by placing those items in an envelope and inserting it into the unit and effecting a transfer of credit from a savings account into a checking account or vice versa by effecting the appropriate procedures of the unit. (Donald B. Nevard)